# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

vs.

Case No. 4:93cr4028-WS
Case No. 4:05cv443-WS/WCS

**KEITH LAPELL BIGGINS,**

    Defendant.

_____/

## REPORT AND RECOMMENDATION TO DENY RULE 60(b)(6) MOTION

This cause is before the court on a "Motion Filed under Federal Rule of Civil Procedure 60(b)(6) for Relief from Final Judgment Order Denying 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct."  Doc. 850.  Defendant Keith Lapell Biggins seeks relief from the order and judgment of June 19, 2002.  Docs. 788 and 789.

Defendant's § 2255 motion as supplemented (docs. 768, 777, 778, 784, and 785) was summarily dismissed without prejudice as untimely.  Doc. 787 (adopted by doc. 788) (a copy of doc. 787 is supplied as Attachment A to doc. 850).  As set forth in the report and recommendation, Defendant sought relief under <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and asserted newly discovered evidence supporting a claim under <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S.Ct. 1194, 10

L.Ed.2d 215 (1963). Doc. 787, pp. 1-5. In support of his Brady claim, Defendant "supplied affidavits of Keenan Holmes, Charles Jenkins, himself, Ezell Collins, Sharond Rudolph, Rene Sotorrio (trial counsel), Frederick Smith, and Wayne Biggins." Doc. 787, pp. 4-5 (citations and footnote omitted). "The affidavits range[d] in dates from 1996 to 2002," and the undersigned found no support for a conclusion that Defendant could not have discovered these facts earlier through the exercise of due diligence. Id., p. 5. As in In re Boshears, 110 F.3d 1538 (11th Cir. 1997), "Defendant Biggins, likewise, 'fails to explain why a reasonable investigation would not have uncovered these facts' previously." Id., pp. 5-6, *quoting* 110 F.3d at 1540-41.

The recommendation was adopted, reconsideration was denied, and a certificate of appealability was denied by this court and the Eleventh Circuit. Docs. 788-793, 799, 807, and 809 (denying rehearing on December 30, 2002).

Defendant thereafter filed with the Eleventh Circuit an application for leave to file a second or successive motion under § 2255, claiming a violation of Brady "by failing to turn over exculpatory evidence, namely Keenan Holmes' confession." Doc. 846 (opinion of June 10, 2005) (a copy of which is also supplied as Attachment B to doc. 850), p. 2. The appellate court said: "Because Biggins admits that his claim does not rely on a new rule of constitutional law, and because we conclude that Biggins's newly discovered evidence, even if proven, is not 'sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [Biggins] guilty of the offense,' we deny his application." Id. (citing § 2255 and Boshears).

Defendant now asserts that this court erred in finding that his Brady claim was time barred under § 2255 clause (4). Doc. 850, pp. 4-6. Clause (4) provides, as a

possible commencement date for the one year limitations period, that the time may run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *See also* doc. 787, p. 2 (quoting from § 2255 the four possible commencement dates).[1]

In support, Defendant lists the witnesses and dates of their affidavits (from 1996 through 2001). Doc. 850, p. 2. He claims that in his objections to the report and recommendation (doc. 790) he objected to application of Boshears and the conclusion that he had not shown due diligence, and quotes from the objections filed. Doc. 850, pp. 2-3. He "brings this Rule 60(b) motion in reliance on" the holding in Gonzalez v. Crosby, 545 U.S. __, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). *Id.*, p. 4. Defendant argues that there was a violation of Brady, that reliance on Boshears in finding no due diligence was error, that there was due diligence as he "spent years" trying to obtain affidavits but "did not and could not control the timing of each affiant's submission," and that the court should have held an evidentiary hearing. *Id.*, pp. 9-12. "[B]ased on these facts (and newly discovered facts not presented in this motion, but available for an evidentiary hearing in the event that this motion is granted)," and the "unusually harsh and fundamentally unfair § 2255 proceeding," Defendant seeks relief. *Id.*, p. 12 (footnote omitted).

---

[1] The period runs from the latest of the specified dates. *Id.* The Apprendi claim was not timely under clause (3), for a right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," as Apprendi does not apply retroactively. Doc. 787, pp. 2-4. *See also* Varela v. United States, 400 F.3d 864, 868 (11th Cir.), *cert. denied*, __ U.S. __, 126 S.Ct. 312 (2005) (holding that United States v. Booker, 543 U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) -- extending Apprendi and progeny to the United States Sentencing Guidelines -- does not apply retroactively on collateral review).

Case Nos. 4:93cr4028-WS and 4:05cv443-WS/WCS

Gonzalez was before the Court in the context of a Rule 60(b)(6) motion seeking relief from dismissal of a 28 U.S.C. § 2254 petition as untimely.  545 U.S. at __, 125 S.Ct. at 2645.  Relief under Rule 60(b)(6) was appropriate, it was argued, because a Supreme Court opinion issued after the district court's ruling demonstrated that it was in error.  *Id.*[2]  Because the Rule 60(b) motion challenged *only* the prior ruling on the statute of limitations, it was not the equivalent of a second or successive petition.  *Id.*, at 2650.[3] Even so, and assuming that the district court's determination of untimeliness was incorrect, the Court found no "extraordinary circumstances" to justify relief under Rule 60(b)(6).  *Id.*

Defendant here does not assert a change of law regarding the timeliness issue. While his motion may not necessarily be a second or successive one under Gonzalez, Defendant advances no new basis for relief or "extraordinary circumstances" under Rule 60(b)(6).  The allegations presented, of difficulty in obtaining affidavits, are far less compelling than in Gonzalez, where the 60(b) motion was based on intervening case law.  *See* 545 U.S. at __, 125 S.Ct. at 2651-52 ("[t]he District Court's interpretation was by all appearances correct under the Eleventh Circuit's then-prevailing interpretation of 28 U.S.C. § 2244(d)(2)," and it was "hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation.").

---

[2] Relief was denied to Petitioner Gonzalez and the Eleventh Circuit denied a certificate of appealability on April 6, 2000.  545 U.S. at __, 125 S.Ct. at 2645.  The following November the Court issued its opinion in Artuz v. Bennett, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000), on which Gonzalez relied in his Rule 60 motion.  *Id.*

[3] On the other hand, where a Rule 60(b) motion presents a "claim," which the Court defined as "an asserted federal basis for relief" from a judgment of conviction, then the motion is in substance a successive petition and should be treated accordingly. *Id.*, at 2647-48.

Case Nos. 4:93cr4028-WS and 4:05cv443-WS/WCS

*Cf*. Lott v. Coyle, 261 F.3d 594, 606 (6th Cir. 2001), *cert. denied*, 534 U.S. 1147 (2002) (state petitioner had failed to identify why factual predicate for Brady claim "could not have been previously discovered through the exercise of due diligence" under § 2254(e)(2)(A)(ii), as the petitioner had not addressed, *inter alia*, when and how he obtained the new information, and why it could not have been discovered previously).[4] The undersigned determined, in a report and recommendation, that Defendant failed to explain why a reasonable investigation would not have uncovered the facts previously. Defendant's explanations have either already been rejected by this court and the Eleventh Circuit, or they are arguments he could or should have raised in this court and on appeal.[5] Defendant still does not offer specifics, such as when and how he obtained the affidavit for each witness, or why the affidavit could not have been obtained earlier with due diligence. Defendant's claim of new evidence "available for an evidentiary hearing," which he will provide if his motion is granted, is likewise unsupported with specifics. The court should reject his current attempt to explain or elaborate as to why, years later and by Rule 60(b) motion, the prior ruling was wrong. *Cf.* Gonzalez, 125 S.Ct. at 2651 (finding the change in law argument was "all the less extraordinary in petitioner's case, because of his lack of diligence in pursuing review of the statute of limitations issue.").

---

[4] Both cases involved state prisoners seeking habeas corpus relief under § 2254. Section 2244(d)(2) (discussed in Gonzalez) provides for tolling of the one year limitation for filing a § 2254 petition, while state remedies are exhausted. Section 2254(e)(2) (discussed in Lott) limits the availability of an evidentiary hearing for facts not developed in state court, unless the petitioner can satisfy (e)(2)(A)(i) or (ii), *and* (e)(2)(B).

It is therefore respectfully **RECOMMENDED** that Defendant's motion for relief from judgment under Fed.R.Civ.P. Rule 60(b)(6), doc. 850, be **SUMMARILY DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on January 3, 2006.

   S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.