IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.: 4:93cr4028/WS/CAS
 4:14cv272/WS/CAS

KEITH LAPELL BIGGINS
_____/

**REPORT AND RECOMMENDATION**

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and supporting memorandum of law (docs. 1071, 1072). Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.

**BACKGROUND and ANALYSIS**

Defendant is currently serving a term of life imprisonment after his 1995 conviction of controlled substance offenses. After an unsuccessful appeal, he filed a motion to vacate pursuant to 28 U.S.C. § 2255 in June of 2001, which was also denied (docs. 768, 788).

He unsuccessfully appealed the denial of the § 2255 motion and filed another § 2255 motion which was summarily denied as successive (docs. 850, 851, 856).[1]  Defendant's motions for a reduction in his sentence pursuant to 18 U.S.C. § 3582, and later pursuant to the crack cocaine amendments were also denied (docs. 921, 934; 1067, 1069). Defendant has now filed a third motion to vacate pursuant to 28 U.S.C. § 2255, in which he contends that he is actually innocent, citing McQuiggin v. Perkins, 133 S.Ct. 1924 (2013).

This court does not have jurisdiction to entertain Defendant's motion.  As Defendant should be aware, before a second or successive application for § 2255 relief is filed in the district court, the litigant must move in the appropriate court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); United States v. Oliveros-Estupinan, 544 F. App'x 930 (11th Cir. 2014). This authorization is required even when, as here, a defendant asserts that his motion is based on the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. § 2255(h)(2).  Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, and therefore, the instant motion to vacate must be dismissed without prejudice.

---

[1] The Eleventh Circuit previously denied Defendant's application for leave to file a second or successive [illegible]

Case Nos.: 4:93cr4028/WS/CAS; 4:14cv272/WS/CAS

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court ("§ 2255 Rules") provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 1071), be **SUMMARILY DISMISSED without prejudice**, as this court lacks jurisdiction to consider a successive motion absent authorization from the Eleventh Circuit.

Case Nos.: 4:93cr4028/WS/CAS; 4:14cv272/WS/CAS

2.      A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this   6th    day of June, 2014.


                      /s/ *CHARLES A. STAMPELOS*
                      **CHARLES A. STAMPELOS**
                      **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only**.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; **United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).