IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.                                                                                      4:93cr4028-WS

KEITH LAPELL BIGGINS,                                                    4:14cv272-WS

   Defendant.

_____

ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

Before the court is the magistrate judge's report and recommendation (doc. 1073) docketed June 6, 2014.  The magistrate judge recommends that Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 be summarily dismissed as an unauthorized successive petition.  Defendant has filed objections (doc. 1074) to the report and recommendation.

Defendant first contends that, because his first habeas petition was denied as untimely, it should not be counted as a qualifying prior petition.  Such contention is without merit.  See, e.g., Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1353 (11th Cir. 2007) (requiring petitioner to obtain order from appellate court prior to

filing second or successive § 2254 petition after first habeas petition was dismissed as untimely); Villanueva v. United States, 346 F.3d 55, 60-61 (2d Cir. 2003) (holding that a § 2255 petition that has been dismissed as time-barred has been decided on the merits and renders any subsequent petition second or successive under the AEDPA); Harris v. United States, No. 3:11cv655-MEF, 2013 WL 1154226, at *1 (M.D. Ala. 2013) (noting that "[f]or purposes of AEDPA's successive-motion rules, the dismissal of an initial § 2255 motion as untimely 'counts' and renders a subsequent § 2255 motion 'successive' ").

Defendant next contends that his motion to vacate should not be dismissed but should be transferred to the Eleventh Circuit for consideration as an application for leave to file a second or successive § 2255 motion. While some circuits have permitted—even directed—district courts to transfer unauthorized habeas petitions to the circuit courts pursuant to 28 U.S.C. § 1631, the Eleventh Circuit apparently has not decided whether § 1631 is applicable in the context of successive habeas petitions. See Guenther v. Holt, 173 F.3d 1328, 1330 (11th Cir. 1999) (acknowledging the out-of-circuit caselaw, noting that other circuits had failed to analyze § 1631 or to explain why § 1631 was applicable in the case of successive habeas petitions, yet finding it unnecessary to resolve the issue given the facts before it). Even if such authority is assumed, this court finds that Defendant here

Page 3 of 3

is *not* entitled to a transfer in the interests of justice under § 1631.  The court instead agrees with the magistrate judge: Defendant's successive motion to vacate should be dismissed for lack of jurisdiction.

Accordingly, it is ORDERED:

1.  The magistrate judge's report and recommendation (doc. 1073) is hereby ADOPTED and incorporated by reference in this order.

2.  Because prior appellate authorization has not been obtained, Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 1071) is summarily DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

3.  A certificate of appealability is DENIED.

4.  The clerk shall close Case No. 4:14cv272-WS/CAS.

DONE AND ORDERED this   30th   day of    June   , 2014.

s/ William Stafford
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE