IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.  Case Nos.: 4:93cr4028/WS/CAS
4:01cr296/WS/CAS

KEITH LAPELL BIGGINS,
    Defendant.

___

# REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's "Motion to Reopen the Proceeding[s] in Movant's Original Title 28 U.S.C. § 2255 Proceeding[s]"[1] and Memorandum in support thereof. (ECF Nos. 1119, 1120). Defendant seeks to have the court consider on their merits claims that were dismissed in 2002 as untimely. After a review of the record, the undersigned concludes that Defendant's motion should be denied.

---

[1] At the time of this writing, the motion contained on the court's electronic docket contains only three pages, and appears to be incomplete.

## BACKGROUND and ANALYSIS

Defendant Keith Lapell Biggins is currently serving a term of life imprisonment after his 1995 conviction of controlled substance offenses. He has filed numerous postconviction motions seeking review of his conviction and sentence. After an unsuccessful appeal, he filed a motion to vacate pursuant to 28 U.S.C. § 2255 in June of 2001, and this motion was denied as untimely. (ECF Nos. 768, 787, 788). It is this motion Defendant now seeks to reopen. He unsuccessfully appealed the denial of his § 2255 motion and filed a second § 2255 motion which was summarily denied as successive. (ECF Nos. 850, 851, 856).[2] Defendant's motions for a reduction in his sentence pursuant to 18 U.S.C. § 3582, and later pursuant to the crack cocaine amendments were also denied. (ECF Nos. 921, 934; 1067, 1069). Defendant filed a third motion to vacate pursuant to 28 U.S.C. § 2255, contending that he was actually

---

[2] The Eleventh Circuit previously denied Defendant's application for leave to file a second or successive § 2255 motion. (ECF No. 855).

innocent, citing *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). (ECF No. 1071). The court denied this motion as well, over Defendant's objection. (ECF Nos. 1073-1075). Most recently, the court denied Defendant's motion for a reduction in his sentence pursuant to Amendment 782, initially and on reconsideration, and the Eleventh Circuit summarily affirmed. (ECF Nos. 1076, 1085, 1087, 1096, 1114).

Defendant now seeks to "reopen the proceedings" with respect to his original § 2255 motion pursuant to Rule 60(b). Defendant filed the motion to reopen more than fifteen years after the § 2255 motion in question was denied as untimely. In the instant motion, Defendant claims, as he did in his initial § 2255 motion, that his conviction resulted from the Government's use of perjured testimony. Affidavits purporting to establish this were filed along with his initial § 2255 in 2001. (ECF Nos. 778, 784). He now claims to have secured further evidence of the perjury since the initial motion was filed, although he has not submitted proof thereof. (ECF No. 1120 at 5-6). Rather he asks the court to re-open the original § 2255 motion and consider the claims raised therein on their merits.

In recommending that Defendant's original § 2255 motion be denied, the magistrate judge acknowledged the existence of the affidavits, but

Case Nos.: 4:93cr4028/WS/CAS; 4:01cv296/WS/CAS

noted that Defendant had not shown that he could not have discovered the facts contained therein within the limitations period. (ECF No. 787 at 4-6). Defendant's objections to the recommendation were considered by the court, although they were received the day after the court's order adopting the recommendation. (ECF Nos. 788-791). Defendant also filed a motion for reconsideration, which was denied. (ECF Nos. 792-793). The Eleventh Circuit denied his request for a certificate of appealability and for a panel rehearing. (ECF Nos. 807, 809).

The basis for Defendant's motion to reopen appears merely to be that he has not had a merits review of his claims. The fact that Defendant's initial motion was untimely has been determined, and Defendant availed himself of multiple opportunities to seek review of this finding before two courts. Defendant has shown no legal basis for reopening the § 2255 proceedings at this late date, and his motion is denied.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that

Case Nos.: 4:93cr4028/WS/CAS; 4:01cv296/WS/CAS

satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules. An appeal of the denial of a Rule 60(b) motion requires a certificate of appealability. *Williams v. Chatman,* 510 F.3d 1290, 1294 (11th Cir. 2007); *Gonzalez v. Sec'y for Dept. of Corrections*, 366 F.3d 1253, 1263 (11th Cir. 2004).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The "Motion to Reopen the Proceeding[s] in Movant's Original Title 28 U.S.C. § 2255 Proceeding[s]" (ECF No. 1119) be **DENIED**.

Case Nos.: 4:93cr4028/WS/CAS; 4:01cv296/WS/CAS

2. A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 26th day of September, 2017.

                s/ Charles A. Stampelos
                **CHARLES A. STAMPELOS**
                **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 4:93cr4028/WS/CAS; 4:01cv296/WS/CAS