UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.                                                          4:93cr4028–WS/CAS

KEITH LAPELL BIGGINS,                                       4:01cv296–WS/CAS

      Defendant.

_____

ORDER DENYING DEFENDANT'S RULE 60(b) MOTION
TO REOPEN SECTION 2255 PROCEEDINGS

Before the court is the magistrate judge's report and recommendation (doc.

1121) docketed September 26, 2017. The magistrate judge recommends that Keith

Lapell Biggins's Rule 60(b)(6) motion to reopen his original § 2255 proceedings

be denied as Biggins "has shown no legal basis for reopening" those proceedings.

Biggins has filed objections to the report and recommendation. Attached to his

objections are exhibits that, according to Biggins, demonstrate his "actual

innocence" of the crimes of conviction.

Biggins contends that the magistrate judge failed to consider the Supreme

Court's 2013 decision in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). In that

case, the Supreme Court held that evidence of actual innocence can overcome the one-year limitations period for filing a federal habeas corpus action. The Supreme Court cautioned, however, that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.' " *Id.* at 1928 (quoting *Schlup v. Delo*, 513 U.S. 298,  329 (1995)).

In 2002, Biggins's § 2255 motion, which included an actual innocence argument (albeit in a footnote), was summarily dismissed as barred by the relevant statute of limitations. The claims raised by Biggins's in that original § 2255 motion were *not* considered on the merits. Biggins suggests that, under *McQuiggin*, he should now—more than fifteen years after his original § 2255 motion was dismissed—be permitted to reopen his § 2255 proceedings to have his claim of actual innocence considered on the merits. This court disagrees.

Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). Biggins seeks relief under Rule 60(b)(6). A motion under Rule 60(b)(6) must be brought "within a reasonable time," Fed. R. Civ. P. 60(c)(1); and requires

a showing of "extraordinary circumstances," *Gonzalez*, 545 U.S. at 535. The

Supreme Court has explained that "[s]uch circumstances will rarely occur in the

habeas context." *Id.*

Having considered Biggins's motion, his objections, and the affidavits and

other exhibits attached to Biggins's objections, this judge—the same judge who sat

through Biggins's three-week trial—has determined that Biggins's motion to

reopen must be denied.[1] Not only has Biggins failed to file his Rule 60(b) motion

"within a reasonable time" as required by Rule 60(c)(1); he has also failed to

demonstrate the requisite extraordinary circumstances to obtain relief under Rule

60(b)(6). To be sure, Biggins has produced evidence that a few of the many trial

---

[1] This court assumes, without deciding, that Biggins's Rule 60(b) motion is not subject to dismissal as a successive habeas petition. In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court explained that when a Rule 60(b) motion asserts grounds entitling a petitioner to habeas relief or asserts that a previous ruling regarding those grounds was in error, he is making a habeas claim subject to the restrictions imposed on successive petitions by the AEDPA. *Id.* at 532 n.4. "He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id; see also Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006) (explaining that a Rule 60(b) motion "is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction. Conversely, it is a 'true' 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding.").

witnesses claim that they gave false testimony and/or later recanted their testimony against Biggins. Having reviewed Biggins's newly produced evidence along with the evidence he submitted in 2001 with his original § 2255 motion, the court finds that Biggins has failed to make an adequate showing of factual innocence under *McQuiggin*. Biggins is not entitled to relief under Rule 60(b)(6).

Accordingly, it is ORDERED:

1. The magistrate judge's report and recommendation (doc. 1121) is ADOPTED and incorporated into this order.

2. Biggins's Rule 60(b) motion (doc. 1119) to reopen his § 2255 proceedings is DENIED.

3. A certificate of appealability is DENIED.

DONE AND ORDERED this ___18th___ day of ____October___, 2017.


s/ William Stafford_____
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE